# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

JAMES JORDANOFF, IV,   )
         )
      Plaintiff, )
         )
v.          )  **Case No. CIV 18-378-RAW-SPS**
         )
**MIKE SINNETT, et al.,**   )
         )
      Defendants. )

## OPINION AND ORDER

On November 7, 2019, Defendants filed a motion for order to release Plaintiff's medical records, or in the alternative to compel Red Rock Behavioral Health and the Oklahoma Forensic Center to release Plaintiff's records (Dkt. 54). The Court directed Plaintiff to respond to the motion (Dkt. 55), and on November 18, 2019, Plaintiff filed his response (Dkt. 58). Defendants filed a reply on December 2, 2019 (Dkt. 59).

Plaintiff is alleging in this lawsuit that Defendants violated his constitutional rights under the Fourteenth and Eighth Amendments while he was incarcerated at the Pontotoc County Jail in Ada, Oklahoma, and he has suffered physical and psychological injuries. In his response to the motion to release records, Plaintiff alleges he does not know what effect the release of his medical records could have on his criminal case in Pontotoc County District Court Case No. CF-2018-534. Because of the nature of the criminal case, and because he has entered a plea of not guilty by reason of insanity and/or not guilty by reason of mental defect in the case, he is concerned the release of the records could be detrimental. Plaintiff, therefore, requests the appointment of counsel in this matter.

Plaintiff bears the burden of convincing the Court that his claim has sufficient merit to warrant such appointment. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The Court has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering Plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the Court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

The Court further finds Plaintiff has articulated no reasons why the records requested by Defendants should not be produced, except that he is uncertain about how this may affect his criminal case. Therefore, the Court GRANTS Defendants' motion for order to release Plaintiff's medical records, or in the alternative to compel Red Rock Behavioral Health and the Oklahoma Forensic Center to release Plaintiff's records (Dkt. 54). The requested records, however, may be disseminated only to the attorneys in this civil rights action and to any experts in the case. A separate Order shall be entered directing Red Rock Behavioral Health and the Oklahoma Forensic Center to provide the requested records.

**ACCORDINGLY,** Defendants' motion for order to release Plaintiff's medical records, or in the alternative to compel Red Rock Behavioral Health and the Oklahoma Forensic Center to release Plaintiff's records (Dkt. 54) is GRANTED, and Plaintiff's request for appointment of counsel set forth in his response to the motion (Dkt. 58) is DENIED.

**IT IS SO ORDERED** this 6th day of December 2019.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma

3